UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES MICKELSON,

Plaintiff,

v.

ATTORNEY VARRIANO,
ATTORNEY FISHER,
ATTORNEY EDINGER, and
LAW FIRM OF STEFANSON,
PLAMBECK & FOSS,

Defendants.

Civil No. 02-267 (JEL/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. 1915.[1] (Docket No. 4.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue three attorneys and a law firm under 42 U.S.C. §§ 1985 and 1986. He broadly alleges that Defendants conspired to violate his "equal rights that normal citizens of society enjoy," including his "mental health rights." (Complaint, [Docket No.1], p. 3.) The substantive allegations of his complaint, repeated in their entirety, are as follows:

[1] Plaintiff paid the full $150 filing fee for this action when he filed his complaint. He later applied for IFP status, so that he could qualify for free court-ordered service of process pursuant to 28 U.S.C. § 1915(d). See also Fed. R. Civ. P. 4(c)(2).

JUN 2 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"On or before December of 98 or January of 1999 Attorney Varriano was retained by Mr. Mickelson. On or about May 3, of 1999 Attorney Varriano removed himself from the case and recommended Attorney Fisher to Mr. Mickelson. Attorney Varriano was aware of Mr. Mickelson[']s mental health issues from the files that were given to him by a prior retained attorney. Plaintiff Mr. Mickelson had been diagnosed with a mental disability prior to Attorney Varriano taking the case. Both Varriano and Fisher were aware of Mr. Mickelson[']s mental disabilities and took advantage of this by conspiring to charge him for his legal fees and not insure that his rights were secured by the constitutional amendments."

(Complaint, [Docket No. 1], p. 3.)

Plaintiff further alleges that Attorney R. Edinger, and the law firm of Stefanson, Plambeck and Foss, knew about the alleged wrongdoing of Attorneys Varriano and Fisher but did nothing about it, and that Edinger and the law firm should therefore be held liable under 42 U.S.C. § 1986.[2]

Plaintiff is seeking a judgment against Defendants for compensatory, punitive and "special" damages totaling $48,000,000.00.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per

---

[2] Section 1986 provides that

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned [42 U.S.C. § 19185], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.... But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

curiam).[3]

In this case, the complaint indicates that Plaintiff is attempting to state a cause of action under 42 U.S.C. §§ 1985 and 1986. (Complaint, p. 2, § B.1.) As far as the Court can tell, Plaintiff is claiming that Defendants Varriano and Fisher should be held liable under § 1985(3) for conspiring to deprive him of "the equal rights of justice that normal citizens enjoy."[4] (Complaint, p. 3, "Claim I.") He is attempting to sue the other named Defendants, (Edinger and the Law Firm of Stefanson, Plambeck & Foss), under § 1986, claiming that they knew about, and could have prevented, the alleged § 1985(3) conspiracy between Varriano and Fisher, but they refused to intervene. (See n. 2, supra.)

To maintain a cause of action under § 1985(3), a complainant is required to plead (and ultimately prove) four basic elements: "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, (3) an act in

---

[3] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

[4] The U.S. Supreme Court has "noted that section 1985 prescribes five kinds of conspiracies that interfere with (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws;' and (e) the right to support candidates in federal elections." Coleman v. Garber, 800 F.2d 188, 190 (8th Cir. 1986), citing Kush v. Rutledge, 460 U.S. 719 (1983). There is no indication in the instant complaint that Defendants are being sued for interfering with any federal official, or any state or federal court proceeding, or any federal election. Instead, it clearly appears that Plaintiff is trying to sue Defendants for interfering with his right to equal protection under the law, which is covered by § 1985(3).

furtherance of the conspiracy, and (4) resulting injury or the deprivation of any right or privilege of a citizen of the United States." Shortbull v. Looking Elk, 677 F.2d 645, 648 (8th Cir.), cert. denied, 459 U.S. 907 (1982), citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). In Griffin, the Court emphasized that to sustain a § 1985(3) claim "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." 403 U.S. at 102.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). More specifically, "the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim." DuBois v Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002) (emphasis added). Thus, in the present case, the Court must determine whether Plaintiff's complaint includes specific factual allegations, which if true, would satisfy the four basic elements of a § 1985(3) cause of action, as listed in Shortbull.

The Court finds that Plaintiff's one-paragraph statement of facts plainly fails to state a § 1985(3) cause of action. The complaint includes nothing more than a conclusory allegation that Defendants Varriano and Fisher entered into a conspiracy to deprive Plaintiff of his right to equal protection. There are no factual allegations showing how, when or where Varriano and Fisher supposedly entered into their alleged conspiracy; there are no factual allegations showing what, specifically, Varriano and Fisher supposedly

conspired to do to Plaintiff, (except for the benign allegation that they intended to "charge him for his legal fees"); there are no factual allegations showing what (if any) specific acts Varriano and Fisher may have actually performed in furtherance of the alleged conspiracy; and there are no factual allegations showing what (if any) specific injury Plaintiff supposedly sustained as a result of the alleged conspiracy between Varriano and Fisher.

Finally, there are no factual allegations showing that Varriano and Fisher were motivated to harm Plaintiff by any racial or other class-based "invidiously discriminatory animus," as required by Griffin. The complaint vaguely suggests that Varriano and Fisher "took advantage of" some unidentified "mental disability" that Plaintiff allegedly has, but there are no factual allegations suggesting that the alleged conspirators acted out of an "invidiously discriminatory animus" toward the mentally disabled as a class. See Carchman v. Korman Corp., 456 F.Supp. 730, 734 (E.D.Pa. 1978) ("there must be a discriminatory animus toward a Class, not toward an individual qua individual"), aff'd, 594 F.2d 354 (3rd Cir.), cert. denied, 444 U.S. 898 (1979), cited with approval in Shortbull, 677 F.2d at 649.[5]

In sum, Plaintiff's complaint does not allege any facts that would satisfy any of the elements of a § 1985(3) cause of action. Therefore, Plaintiff has failed to state a claim on which relief can be granted as to Defendants Varriano and Fisher. See Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 185 (2d Cir.) (upholding summary dismissal of § 1985(3) claims because "they were couched in terms of conclusory allegations"), cert. denied, 502 U.S.

---

[5] Moreover, it is doubtful that the mentally disabled can even be considered a "class" for purposes of Griffin's "class-based" discrimination requirement. See D'Amato v. Wisconsin Gas Co., 760 F.2d 1474 (7th Cir. 1985) (disability is not a class for § 1985(3) purposes); Wilhelm v. Continental Tire Co., 720 F.2d 1173 (10th Cir. 1983), cert. denied, 465 U.S. 1102 (1984) (same); but see, Lake v. Arnold, 112 F.3d 682 (3rd Cir. 1997) (§ 1985(3) claim can be brought for discrimination on the basis of disability).

866 (1991). It follows, concomitantly, that Plaintiff has also failed to state an actionable § 1986 claim against the remaining Defendants -- R. Edinger and the Law Firm of Stefanson, Plambeck & Foss. Coleman, 800 F.2d at 191 ("because there is no valid claim under § 1985, there is no valid claim under § 1986). Because Plaintiff's complaint does not state any actionable claim against any Defendant, it will be recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to § 1915(e)(2)(B)(ii).

Finally, the Court notes that Plaintiff has recently filed two collateral motions that must be addressed. First, Plaintiff has filed a motion asking for additional time to complete service of process on Defendants. (Docket No. 6.) In light of the Court's recommendation that this case be summarily dismissed for failure to state an actionable claim, service of process should not be performed at all in this matter. Plaintiff's request for additional time to serve Defendants will therefore be denied.

Plaintiff has also filed a motion seeking leave to amend his complaint in order to name several additional Defendants. (Docket No. 7.) This motion must be denied for two reasons. First, Plaintiff has not complied with Local Rule 15.1, which requires that every motion to amend a pleading must be accompanied by a copy of the entire proposed amended pleading.[6] Plaintiff did not satisfy the Rule's requirements, because he did not

---

[6] Local Rule 15.1 states that:

> "A party who moves to amend a pleading shall file an original and two copies of the motion to amend, and shall attach a copy of the amended pleading to the original motion and to each copy of the motion.... Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

submit a copy of his proposed amended complaint with his motion to amend. More significantly, Plaintiff has not offered any reason to believe that he has any actionable claim against any of the proposed new Defendants. His motion papers do not mention any factual or legal grounds for bringing any claim(s) against any of the parties that he wants to add to this action. For this additional reason, the motion to amend must be denied.

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed In Forma Pauperis," (Docket No. 4), be DENIED;

2. Plaintiff's "Motion For Extension Of Time," (Docket No. 6), be DENIED;

3. Plaintiff's "Motion To Add Part Of The Seven Unknown Defendant's [sic]," (Docket No. 7), be DENIED; and

4. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 28, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.