**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James Mickelson,

Plaintiff,

v.

Attorney Varriano, Attorney Fisher, Attorney Edinger and Law Firm of Stefanson, Plambeck & Foss,

Defendants.

Civil No. 02-267 (JNE/SRN)

**ORDER**

This matter is presently before the Court on Plaintiff's "Motion For Leave Of Court," (Docket No. 15), which is construed to be a request for an extension of the deadline for filing a Notice of Appeal in this matter. Also before the Court at this time are several other motions that Plaintiff filed only after the entry of a judgment dismissing this action. For the reasons discussed below, all of the pending motions will be denied.

This action was dismissed by a judgment entered on August 2, 2002, (Docket No. 11), based on the Court's determination that Plaintiff had failed to plead a cause of action on which relief could be granted. The Clerk's file indicates that a copy of the order and judgment of dismissal were promptly mailed to Plaintiff at the Federal Correctional Institution in Waseca, Minnesota. Given that Plaintiff's mailing address has not changed since this action was commenced, the Court finds no reason to believe that the notice of entry of judgment was mis-addressed, or otherwise failed to reach Plaintiff in a timely manner. Furthermore, Plaintiff has never contended that he did not receive notice of the judgment of dismissal soon after it was entered on August 2, 2002.

On December 18, 2002, the Court received Plaintiff's "Motion For Leave Of Court," which specifically alludes to the judgment entered on August 2, 2002. In that motion, Plaintiff contends

JUN 20 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

that he did not clearly understand that his action had been dismissed, because he allegedly suffers from an unidentified "mental disability." At the conclusion of his one-page motion, Plaintiff states, "In light of this excusable neglect the Plaintiff hereby PRAYS this Honorable Court to grant this Motion for Leave of Court, so as to file a Notice of Appeal." (Emphasis added by Plaintiff.)

The Court construes Plaintiff's motion to be a request for an extension of time to file an appeal, which is being brought under Fed. R. App. P. 4(a)(5). Such relief cannot be granted, however, because a request for a Rule 4(a)(5) extension must be filed no later than 30 days after the deadline for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i). The deadline for filing a notice of appeal in this case expired on September 1, 2002 – 30 days after the judgment of dismissal was entered. Fed. R. App. P. 4(a)(1). Because Plaintiff did not file his present motion for extension within 30 days after the deadline for filing a notice of appeal, his motion is untimely.[1] The motion for extension must therefore be denied.[2]

Plaintiff's other pending motions -- all of which were filed after this action had been dismissed -- are as follows: (1) a "Motion Requesting Court Place A Lien On The Defendant's [sic]," (Docket No. 12); (2) a "Motion For Default Judgment Federal Rules Of Civil Procedure Rule

[1] In reaching this conclusion, the Court has given Plaintiff the benefit of the "mailbox rule" prescribed by Fed. R. App. P. 4(c). Plaintiff's motion for extension is dated November 25, 2002, and the Court has assumed that the motion was delivered to prison officials for mailing on that date. However, even if the motion is deemed to have been filed with the Court on November 25, 2002, it is still untimely (by nearly two months) for purposes of Fed. R. App. P. 4(a)(5).

[2] The Court has also considered whether Plaintiff's motion for an extension could be treated as a motion for "Reopening the Time to File an Appeal" brought under Fed. R. App. P. 4(a)(6). Such motions, however, must be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier." (Emphasis added.) In this case, there is no reason to believe that Plaintiff filed his motion for extension within 7 days after he received notice of entry of the judgment of dismissal. Therefore, he could not be granted relief under Fed. R. App. P. 4(a)(6).

55," (Docket No. 13); and (3) a "Motion Requesting Expeditious Ruling On Prior Motion For Default. 28 U.S.C. Rule 55," (Docket No. 14). In light of the Court's previous order dismissing this case because Plaintiff failed to plead an actionable claim, it is readily apparent that Plaintiff has no right to any lien, and he is not entitled to any default judgment. Plaintiff's other pending motions will therefore be summarily denied.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion For Leave Of Court," (Docket No. 15), is DENIED;

2. Plaintiff's "Motion Requesting Court Place A Lien On The Defendant's [sic]," (Docket No. 12), is DENIED;

3. Plaintiff's "Motion For Default Judgment Federal Rules Of Civil Procedure Rule 55," (Docket No. 13), is DENIED; and

4. Plaintiff's "Motion Requesting Expeditious Ruling On Prior Motion For Default. 28 U.S.C. Rule 55," (Docket No. 14), is DENIED.

Dated: June 20, 2003

JOAN N. ERICKSEN
United States District Court Judge